No. 128
CIN. TRAC. CO. & N. W. CO. v. COCHRAN
Ohio Appeals, 1st Dist., Hamilton County
No. 2225 Decided July 16, 1923.

1235. VERDICT—Of jury legal, when words "equally divided" construed as mere surplusage.

BURCHWALTER, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Original action was for damages in the Hamilton Common Pleas; brought by Irene Cochran against The Cincinnati Traction Co. and The Norfolk and Western Railway Co. for injuries received as a result of the joint negligence of said companies. Cochran obtained judgment for $3000: and error is prosecuted to reverse judgment.

The following are the grounds of error alleged by plaintiffs:

1. Verdict of jury was illegal because of apportionment of damages, the judgment being joint.

2. Lower court erred in overruling motion of Railway Co. to dismiss it from cause.

3. The verdict was excessive.

The Court of Appeals held:

1. The jury in its verdict inserted the words "equally divided" as to the damages assessed against both companies. These words were surplusage and it was not reversible error to enter joint judgment on such a verdict.

2. Evidence showed that negligence of Traction Co. together which that of Railway Co. created the situation which resulted in the injury of Cochran. There was sufficient evidence of negligence against the Railway Co. to warrant the submission of the case to the jury.

3. Verdict and judgment are against the weight of evidence. The evidence will not support a verdict exceeding $2000.

If Cochran remits $1000 from the judgment it will be affirmed; otherwise judgment will be reversed on the weight of the evidence. Judgment accordingly.

Attorneys—John M. McCaslin, for Traction Co.; Hollister & Hollister for Railway Co.; Charles M. Leslie and Thos. L. Michel for Cochran. All of Cincinnati.

---

No. 129
WARREN ET v. STATE
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5523. Decided Nov. 3, 1924.

582. GRAND LARCENY—Rebuttal testimony, tending to impeach accused, held inadmissible and ground for reversal.

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

The original action was in the Cuyahoga Common Pleas by the State against Josephine Warren, and Margaret Marvin for grand larceny. It appears that the State in rebuttal offered substantial testimony to the effect that 3 months before the commission of the offense named in the indictment, Warren and Marvin were in the store in Cleveland where the larceny was committed. The apparent purpose of this rebuttal testimony was to contradict and impeach the defendants; because testimony on cross-examination showed that they had not been in Cleveland previous to the date of commission of the crime and that defendants were in the store on the date of commission of the crime was not in the issue.

Further, certain exhibits not offered in evidence and known as the subject matter of the larceny were given to the jury on departure from the court room for deliberation and retained by them during their consideration of the case. Warren and Marvin seek to reverse the verdict of guilty rendered in the lower court, based on the above grounds.

The Court of Appeals held:

1. It is well settled that impeachment will not lie even in a criminal case upon a matter inmaterial to the issue.

2. Such rebuttal testimony affecting the credibility of the witnesses, was prejudical to them, and as to being incompetent, admits no doubt.

Judgment of Common Pleas reversed.

Attorneys—George W. Spooner for Warren et; E. C. Stanton for State; all of Cleveland.